# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:05CR00008 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| BARRY AYALA, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question presently before the court is whether the defendant is eligible for reduction of sentence before the effective date of retroactive application of the Sentencing Commission's retroactive application of the reduced crack cocaine guidelines. I hold that he is not.

The defendant, Barry Ayala, was convicted by a jury in this court of conspiring to distribute crack cocaine, 21 U.S.C.A. §§ 846, 841(a)(1) (West 1999), and possession with intent to distribute crack cocaine, 21 U.S.C.A. § 841(a)(1). On January 9, 2007, he was sentenced to 30 months imprisonment on each count, the terms to run concurrently, together with four years of supervision following his release from prison. On January 25, 2008, he filed the present Motion for Reduction

of Sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000), based on the determination of the U.S. Sentencing Commission to make retroactive the reduced sentencing ranges for crack cocaine offenses. *See* Amendments to Policy Statement § 1B1.10, 73 Fed. Reg. (2008).[1]

The defendant's current projected release date is October 10, 2008. Because the defendant is likely eligible for release if his sentence is reduced in accord with the amended § 1B1.10, he requests immediate consideration of his motion.[2] However, the Commission's retroactively policy is not effective until March 3, 2008. 73 Fed. Reg. at 217-01. The defendant contends that the court has the authority to reduce his sentence prior to that date, but I disagree.

---

[1] Effective November 1, 2007, the Sentencing Commission amended the Drug Quantity Table in U.S. Sentencing Guideline Manual ("USSG") § 2D1.1 so that crack cocaine quantities were generally lowered by two levels. *See* USSG app. C Supp., amend. 706, as amended by amend. 711 (2007).

[2] The defendant's Total Offense Level at sentencing was 18, with a Criminal History Category of V, resulting in an imprisonment range of 51 to 63 months. The court granted a downward departure to 30 months in accord with USSG § 5K2.23, *Discharged Terms of Imprisonment*, because the defendant had completed a term of 21 months imprisonment resulting from a state court conviction for the same conduct involved in the federal charges. Under the amended guideline, the defendant would have a Total Offense Level of 16, resulting in an imprisonment range of 41 to 51 months. Pursuant to the amended § 1B1.10, "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." USSG § 1B1.10(b)(2)(B), 73 Fed. Reg. At 218 (effective Mar. 3, 2008). This provision would suggest a reduced sentence for the defendant of 20 months.

The power of a district court to reduce a sentence once imposed is limited to those circumstances authorized by Congress. *See United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) (stating that "[d]istrict courts do not have inherent authority to resentence defendants at any time") (quotation omitted). One of the statutory authorities is set forth in § 3581(c)(2), permitting a reduction in sentence where the Sentencing Commission has reduced the sentencing range "*if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" 18 U.S.C.A. § 3581(c)(2) (emphasis added). The policy statement that permits the retroactive application of the lowering of the sentencing range for the defendant is not yet effective and thus I cannot consider it to have been "issued."[3]

The defendant argues that the policy guideline must be considered as only advisory after *United States v. Booker*, 543 U.S. 220 (2005). However even if *Booker* applies to a resentencing under § 3582(c)(2),[4] that could be true only where the Sentencing Commission has authorized a new sentence. *See United States v. Hicks*,

---

[3] When the Sentencing Commission reduces the term of imprisonment applicable to a particular offense, it is required to specify "in what circumstances" the sentences of prisoners serving terms for the offense may be reduced. 28 U.S.C.A. § 994(u) (West 2006).

[4] The Fourth Circuit has yet to accept this proposition. *See United States v. Foster*, No. 07-7066, 2007 WL 4284675 (4th Cir. Dec. 7, 2007) (unpublished) (stating that "we find no reason to disagree with our sister circuits that have held *Booker* does not apply to § 3582(c)(2) motions").

- 3 -

472 F.3d 1167, 1171 (9th Cir. 2007). In the present case, such authorization is not available until March 3.

On the other hand, the effective date of retroactivity does not prevent the court from now considering the motion and the reduction it might grant when it is authorized to do so. Accordingly, I hereby give notice to the parties that I am contemplating reducing the defendant's sentence to 20 months imprisonment effective March 3, 2008. If there is any objection to such a reduction, the grounds of the objection must be filed no later than **February 20, 2008.** Thereafter, the Motion for Reduction of Sentence will be decided based on the record before the court.

It is so **ORDERED**.

ENTER: February 11, 2008

/s/ JAMES P. JONES
Chief United States District Judge