# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:05CR00008 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **BARRY AYALA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question presently before the court is whether the defendant should receive a reduction of his sentence pursuant to the Sentencing Commission's retroactive application of the reduced crack cocaine guidelines. I hold that he will.

I

The defendant, Barry Ayala, was convicted by a jury of conspiring to distribute crack cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(1) (West 1999), and possessing crack cocaine with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1).[1] He was sentenced on January 9, 2007. Under the advisory sentencing

---

[1] The facts surrounding these offenses are described in *United States v. Ayala*, 469 F. Supp. 2d 357 (W.D. Va. 2007). The defendant was arrested in an undercover operation

guidelines, the defendant's Total Offense Level was 18, with a Criminal History Category of V, resulting in an imprisonment range of 51 to 63 months. Without objection by the government, I granted a downward departure in accord with U.S. Sentencing Guideline Manual ("USSG") § 5K2.23 (2007), *Discharged Terms of Imprisonment*, because the defendant had completed a term of 21 months imprisonment resulting from a state court conviction for the same conduct involved in the federal charges. Consequently, I sentenced him to 30 months imprisonment on each count, the terms to run concurrently, together with four years of supervision following his release from prison.

Effective November 1, 2007, the U.S. Sentencing Commission amended the Drug Quantity Table at USSG § 2D1.1 so that crack cocaine quantities were generally lowered by two levels. *See* USSG app. C, amends. 706, 711 (Supp. 2007). On January 25, 2008, the defendant filed a Motion for Reduction of Sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000), based on the determination of the Sentencing Commission to make retroactive the reduced sentencing ranges for crack cocaine offenses. *See* USSG § 1B1.10 (Supp. effective Mar. 3, 2008).

Under the amended guidelines, the defendant would have a Total Offense Level of 16, resulting in an imprisonment range of 41 to 51 months. Pursuant to the

---

with 1.8 grams of crack cocaine. No firearms were involved.

- 2 -

amended § 1B1.10, "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." USSG § 1B1.10(b)(2)(B). This provision would suggest a reduced sentence for the defendant of 20 months.[2] On February 11, 2008, I notified the parties that I was contemplating reducing the defendant's sentence to 20 months imprisonment. The government objected to any reduction in sentence for the defendant. For the reasons following, I will overrule the government's objections and grant the reduction as proposed.

II

The Sentencing Commission's policy statement provides that in determining whether a reduction should be granted under § 3582(c)(2), and the extent of such a reduction, the court must consider the factors set forth in 18 U.S.C.A. § 3553(a)

---

[2] Because the defendant has already served approximately 20 months in prison, upon reduction of his sentence he will likely be entitled to immediate release. I earlier held that the court had no power to order a reduction prior to March 3, 2008, the effective date of the Sentencing Commission's amendment to USSG § 1B1.10. *United States v. Ayala*, No. 1:05CR00008, 2008 WL 360957 (W.D. Va. Feb. 11, 2008). Accordingly, the reduction ordered in this case will be made effective no earlier than March 3, 2008. The Bureau of Prisons has requested that any reduction in an inmate's sentence under 18 U.S.C.A. § 3582(c)(2) resulting in immediate release be stayed for a period of ten days in order to allow it to perform its pre-release public safety obligations. *See* Letter from Director of Bureau of Prisons to Chair of Committee on Criminal Law (Feb. 13, 2008).

- 3 -

Case 1:05-cr-00008-JPJ-PMS   Document 131   Filed 02/26/08   Page 3 of 8   Pageid#: 383

(West 2000 & Supp. 2007), as well as the danger to any person or the community, and the court may consider the post-sentencing conduct of the defendant. USSG § 1B1.10 cmt. n.1(B).

The government's objections to the reduction of the defendant's sentence may be divided into three groups. First, the government emphasizes the defendant's criminal history and failure to accept responsibility for his crimes as evidence that a reduction in his sentence would not further public safety. Second, the government argues that the defendant has "already received a substantial benefit" because his original sentence resulted from a downward departure from the guidelines. Finally, the government contends that the defendant's behavior while incarcerated militates against a reduction. I will address each concern in turn.

First, the government points to what it characterizes as the defendant's "disturbing criminal history" and failure to accept responsibility. The defendant has prior convictions for robbery in 1997 at aged 15, theft of a purse the same year, domestic assault, and resisting arrest. Unquestionably, these were serious offenses and I took them into consideration when I originally sentenced the defendant. The guidelines provide a mechanism for consideration of these prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category V—the second highest category—and his guideline range was

calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

Additionally, the guidelines take account of the defendant's acceptance of responsibility in the total offense level. A defendant may have up to three points deducted from his offense level upon demonstrable acceptance of responsibility and a motion by the government. If the defendant does not accept responsibility, then his offense level will reflect that fact. Defendants are not penalized for failing to take responsibility. Rather, they are rewarded for taking responsibility.

The government argues that the defendant received a "substantial benefit" in his original sentencing because his sentence departed downwards from the guidelines. As previously explained, the defendant's original sentence was adjusted to reflect the fact that the defendant had already served 21 months on state charges which stemmed from the exact same criminal conduct underlying the federal convictions for which the defendant is currently incarcerated. The sentencing guidelines have anticipated this situation and provided a mechanism whereby a defendant's federal sentence may be reduced by the amount of time that the defendant has served on state charges.

- 5 -

Thus, the defendant did not receive a "substantial benefit." He received a sentence accurately calculated in accord with the sentencing guidelines.

In making the crack cocaine amendments retroactive, the Sentencing Commission considered this scenario and determined that a sentencing judge may depart downward from the new guideline range in an amount proportionate to the downward departure in the original sentence. *See* USSG § 1B1.10(b)(2)(B). Having been presented with no new information to persuade me that the defendant's federal sentence should not take into account his state time, I elect to utilize the same formula I used at the defendant's original sentencing.

The government's last argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release him into the community. The government cites two incidents in prison—an "assault without serious injury" and "fighting with another person." Infractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community. Accordingly, the Bureau of Prisons has the discretion to grant or withhold good time, giving some inmates the opportunity to eliminate fifteen percent of the total sentence imposed by the court. Nothing in my ruling today changes that. If the Bureau of Prisons has determined that the defendant's infractions warrant a reduction in his good time, then the defendant may be required to serve the entirety

of his new sentence in prison. Furthermore, if the government decides that deprivation of good time is an insufficient penalty for an infraction, then it has the option of prosecuting an inmate for the crimes he committed in prison.

The Sentencing Commission amended the sentencing guidelines to correct what many have perceived as gross inequities between sentences for crack cocaine offenses and sentences for powder cocaine offenses. The Commission, with widespread support in the judiciary, made the amendments retroactive. This defendant, like 19,500 similarly situated inmates across the nation, is not the undeserving recipient of blind fortune. His sentence is being reduced because in the judgment of the Commission, the judiciary, Congress, and much of America—with whom I heartily concur—his original sentence was unfairly harsh when compared to sentences given to defendants for powder cocaine offenses. In truth, his reduced sentence continues to reflect the disparity between the punishments for powder cocaine and crack cocaine offenses, but it is a step in the right direction.

III

In accord with 18 U.S.C.A. § 3582(c)(2), 18 U.S.C.A. § 3553(a), and USSG § 1B1.10, I will reduce the defendant's sentence to 20 months on each count, to run concurrently. All other terms of the original sentence, including length of supervised

release, conditions of supervised release, and monetary penalties will remain unchanged.

It is so **ORDERED**.

ENTER: February 26, 2008

/s/ JAMES P. JONES
Chief United States District Judge

- 8 -

Case 1:05-cr-00008-JPJ-PMS   Document 131   Filed 02/26/08   Page 8 of 8   Pageid#: 388